**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-6135**

_____

JOSHUA COLONNA JONES,

Plaintiff - Appellant,

v.

TONY LAWSON; FREDERICK CITY POLICE DEPARTMENT,

Defendants - Appellees.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Lydia Kay Griggsby, District Judge.  (1:22-cv-00172-LKG)

_____

Submitted:  June 25, 2024                                    Decided:  June 28, 2024

_____

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Joshua Colonna Jones, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Colonna Jones seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 complaint.  We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on August 18, 2023, and the appeal period expired on September 18, 2023.  Jones filed the notice of appeal on February 2, 2024.[*]  Because Jones failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we grant Appellee's motion and dismiss the appeal as untimely.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Jones could have delivered the notice to prison officials for mailing to the court.  Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2